United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50919
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL C. RODRIGUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-80-2
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angel C. Rodriguez appeals the sentence imposed following
his convictions relating to marihuana possession and
distribution.  He argues that the district court plainly erred in
sentencing him under the mandatory Sentencing Guidelines held
unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

Sentencing a defendant pursuant to a mandatory guidelines
scheme, without an accompanying Sixth Amendment violation,
constitutes "Fanfan" error.  See United States v. Villegas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

404 F.3d 355, 364 (5th Cir. 2005). Rodriguez has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain." United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). Rodriguez, however, has not borne his burden of showing that the error affected his substantial rights. Id. The district court sua sponte reduced Rodriguez's offense level and sentenced him to the bottom of the applicable guidelines range; however, such leniency is, standing alone, insufficient to meet the third prong of the plain error analysis where, as here, "[t]he record offers no basis for inferring that, had he used the guidelines as advisory, the court would have reduced the sentence." Id. at 601 (internal quotation marks and citation omitted); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).

AFFIRMED.